1 | MARK S. WALLACE (State Bar No. 152714),
WHITMAN L. HOLT (State Bar No. 238198)
2 | Members of STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
3 | 1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
4 | Telephone: (310) 228-5600
Facsimile: (310) 228-5788
5
Proposed Counsel for David A. Gill, Esq.
6 | Chapter 7 Trustee for Alliance Bancshares California

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | ) Case No. 2:09-bk-28037-SB |
| | ) |
| ALLIANCE BANCSHARES CALIFORNIA, | ) Chapter 7 |
| | ) |
| Debtor. | ) **APPLICATION TO EMPLOY STUTMAN,** |
| | ) **TREISTER & GLATT PROFESSIONAL** |
| | ) **CORPORATION AS COUNSEL FOR** |
| | ) **DAVID A. GILL, CHAPTER 7 TRUSTEE;** |
| | ) **DECLARATION OF MARK S. WALLACE** |
| | ) **IN SUPPORT THEREOF (INCLUDING** |
| | ) **DISCLOSURES PURSUANT TO 11 U.S.C.** |
| | ) **§ 329(a))** |
| | ) |
| | ) |
| _____ | ) [No Hearing Requested] |

531091v1

**TO THE HONORABLE SAMUEL L. BUFFORD, UNITED STATES BANKRUPTCY JUDGE; AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

David A. Gill, Esq, the duly appointed, authorized and acting chapter 7 trustee (the "Trustee") for the bankruptcy estate of Alliance Bancshares California (the "Debtor"), hereby requests authority to employ Stutman, Treister & Glatt Professional Corporation ("ST&G ") as his special tax counsel in this estate.

## I.

## BACKGROUND

**A.   The Bankruptcy Case.**

1. On July 14, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

2. David A. Gill is the duly appointed, authorized and acting chapter 7 trustee for the bankruptcy estate (the "Estate") of the Debtor.

3. Among other things, assets of the Estate include potential federal and California income tax refunds.

4. The Trustee has determined that it is necessary to retain counsel to assist and advise him in administering the Estate. Services that ST&G is expected to render as counsel for the Trustee include:

    a.    evaluation of a tax-sharing agreement to which the Debtor is a party;

    b.    evaluation of federal and California income tax returns of Debtor to determine the Debtor's entitlement, if any, to tax refunds; and

    c.    negotiation and/or litigation with the Internal Revenue Service, the California Franchise Tax Board and other parties in interest relative to obtaining the refunds.

**B.   Stutman, Treister & Glatt**

5. The Trustee hereby requests Court approval to employ ST&G as his counsel. Because ST&G is comprised of attorneys who limit their practice to the areas of bankruptcy and reorganization law, including related tax issues, ST&G is well qualified to represent the Trustee. All attorneys comprising or associated with ST&G who will render services in this case are duly

admitted to practice law in the courts of the State of California and before the United States District Court for the Central District of California. A summary of the experience and qualifications of those members of ST&G expected to render substantial services to the Trustee in this case is attached hereto as Exhibit "1" to the "Declaration of Mark S. Wallace" (the "Wallace Declaration") appended hereto and incorporated herein by this reference. The current guideline hourly rates of the attorneys expected to render substantial services to the Trustee, law clerks and paralegals are attached as Exhibit "2" to the Wallace Declaration and incorporated herein by this reference.

**C.    Compensation Arrangements**

6.    The Trustee proposes to retain ST&G upon the following basis: except as the Court may otherwise determine, ST&G will file fee applications with the Court for an allowance of fees and reimbursable costs not more often than every 120 days. The fee applications will be heard upon notice to creditors and interested parties. ST&G will accept such fees as may be awarded by the Court. As set forth in the Wallace Declaration, ST&G expects that its compensation will be based upon a combination of factors including, without limitation, its customary fees charged to clients, as those fees are adjusted from time to time, experience and reputation of counsel, time expended, results achieved, novelty and difficulty of matters undertaken, including time limitations imposed, and nature and length of the professional relationship and awards in similar cases. There will be no written employment agreement apart from this Application and the order to be obtained on this Application. The only source of payment or compensation will be the Estate. No retainer has been paid or is being proposed to ST&G.

7.    All compensation to ST&G shall be subject to final approval of the Court at the conclusion of ST&G's services.

8.    The Trustee believes the employment of ST&G is in the best interests of the Estate.

**D.    Disinterestedness**

9.    To the best of the Trustee's knowledge, based upon the Wallace Declaration, ST&G and all of the attorneys comprising or employed by it are disinterested persons who do not hold or represent an interest adverse to the Estate and do not have any connection with the Debtor,

the Debtor's creditors, or any other parties in interest in this case, other than the following disclosures:

    a. Because of the specialized nature of its practice, from time to time, ST&G may concurrently represent one client in a particular case and the adversary of that client (or a professional employed to represent that adversary) in an unrelated case. For example, while representing the Trustee in this case, ST&G may represent a creditor of the Debtor in an unrelated case. In addition, while representing the Trustee, ST&G may represent an entity that owes money to the Debtor as a debtor in a bankruptcy case or in connection with out-of-court negotiations with such entity's creditors concerning that entity's ability to pay its debts generally.

    b. Several members of ST&G have professional, working, or social relationships with firms or professionals at firms that may be adverse to the Trustee and the Estate. In addition, several attorneys at ST&G have spouses, parents, children, siblings, fiancés or fiancées who are attorneys at other law firms or companies. Those law firms and companies are Greenberg Traurig, LLP; Gibson, Dunn & Crutcher; Munger, Tolles & Olson; Owens & Gach Ray; Pachulski, Stang, Ziehl & Jones; Proskauer Rose LLP; Cahill & Glazer; Saltzburg, Ray & Bergman; Mallery & Stern, APC; Charlston, Revich & Wollitz LLP; and Deloitte Touche LLP. ST&G has strict policies against disclosing confidential information to anyone outside of the firm, including spouses, parents, children, siblings, fiancés and fiancées.

10. The following supplemental disclosures are made in compliance with Local Bankruptcy Rule 2014-1(b)(1)(B). References to ST&G include all members of ST&G who are expected to render services in this case:

    a. ST&G is not and was not a creditor, an equity security holder or an insider of the Debtor.

    b. ST&G is not and was not an investment banker for any security of the Debtor, or an attorney for any such investment banker, in connection with the offer, sale or issuance of any security of the Debtor.

531091v1

3

   c. ST&G is not and was not, within 2 years before the Petition Date, a director, officer or employee of the Debtor, or of any investment banker for any security of the Debtor.

   d. Subject to the disclosures contained in the Wallace Declaration, ST&G has no interest materially adverse to the interests of the Estate or to any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

   e. No member of ST&G is a relative, or an employee of, or has any connections with, the Office of the United States Trustee, any person employed by the United States Trustee, or a Bankruptcy Judge in this district.

## II.

## NOTICE OF THE APPLICATION IS SUFFICIENT

11. A notice advising creditors and other interested parties that the "Application to Employ Stutman, Treister & Glatt Professional Corporation as Counsel for David A. Gill, the Chapter 7 Trustee" (the "Notice"), which summarizes the application's contents, will be filed and served simultaneously with this Application in accordance with Local Bankruptcy Rule 2014-1(b)(2).

## III.

## CONCLUSION

12. Based on the facts and disclosures above, the Trustee respectfully requests authority to employ ST&G as his counsel, with compensation at the expense of the Estate in such amount as the Court may hereafter allow.

DATED: October ___, 2009   By: _____
               DAVID A. GILL, ESQ.
               Chapter 7 Trustee

1  Submitted by:

2
3
4  WHITMAN L. HOLT, a Member of
   STUTMAN, TREISTER & GLATT
5  PROFESSIONAL CORPORATION
   Proposed Counsel for Chapter 7 Trustee

531091v1

5

## DECLARATION OF MARK S. WALLACE

1. I am over 18 years of age and have personal knowledge of the facts set forth herein, and if called as a witness, would testify completely with respect thereto.

2. I am a member of Stutman, Treister & Glatt Professional Corporation ("ST&G"). This Declaration is submitted in support of the "Application To Employ Stutman, Treister & Glatt Professional Corporation As Counsel To David A. Gill, Chapter 7 Trustee" ("Application"). I make this Declaration on behalf of ST&G and its members.

3. Except as set forth in this Declaration, ST&G and all attorneys comprising or employed by ST&G are disinterested persons who do not hold or represent an interest adverse to the Debtor's estate and do not have any connection with the Debtor, its creditors, or any party in interest in this case, or their respective attorneys or accountants, except as stated below.

4. All attorneys comprising or associated with ST&G who render services in this case are duly admitted to practice law in the courts of the State of California and in the United States District Court for the Central District of California. A summary of the experience and qualifications of those members of ST&G expected to render substantial services for David A. Gill, the Chapter 7 Trustee (the "Trustee"), in this case is attached hereto as Exhibit "1" and incorporated herein by this reference. The current hourly rates of the attorneys expected to render services in this case, law clerks and paralegals are attached hereto as Exhibit "2" and incorporated herein by this reference.

5. ST&G has agreed to the following compensation arrangement: except as the Court may otherwise determine, ST&G will file fee applications with the Court for an allowance of fees and reimbursable costs not more often than every 120 days. The fee applications will be heard upon notice to creditors and interested parties. ST&G will accept such fees as may be awarded by the Court. ST&G expects that its compensation will be based upon a combination of factors including, without limitation, its customary fees charged to clients, as those fees are adjusted from time to time, experience and reputation of counsel, time expended, results achieved, novelty and difficulty of matters undertaken, including time limitations imposed, and nature and length of the professional relationship and awards in similar cases. There will be no written employment agreement apart from this Application and the order to be obtained on this Application. The only

531091v1

6

source of payment or compensation will be the estate. No retainer has been paid or is being proposed to ST&G.

6. All compensation to ST&G shall be subject to final approval of the Bankruptcy Court at the conclusion of ST&G's services.

7. To the best of the my knowledge, ST&G and all of the attorneys comprising or employed by it are disinterested persons who do not hold or represent an interest adverse to the Debtor's estate and do not have any connection with the Debtor, its creditors, or any other parties in interest in this case, other than the following disclosures:

    a. Because of the specialized nature of its practice, from time to time, ST&G may concurrently represent one client in a particular case and the adversary of that client (or a professional employed to represent that adversary) in an unrelated case. For example, while representing the Trustee in this case, ST&G may represent a creditor of the Debtor in an unrelated case. In addition, while representing the Trustee, ST&G may represent an entity that owes money to the Debtor as a debtor in a bankruptcy case or in connection with out-of-court negotiations with such entity's creditors concerning that entity's ability to pay its debts generally.

    b. Several members of ST&G have professional, working, or social relationships with firms or professionals at firms that may be adverse to the Debtor. In addition, several attorneys at ST&G have spouses, parents, children, siblings, fiancés or fiancées who are attorneys at other law firms or companies. Those law firms and companies are Greenberg Traurig, LLP; Gibson, Dunn & Crutcher; Munger, Tolles & Olson; Owens & Gach Ray; Pachulski, Stang, Ziehl & Jones; Proskauer Rose LLP; Cahill & Glazer; Saltzburg, Ray & Bergman; Mallery & Stern, APC; Charlston, Revich & Wollitz LLP; and Deloitte Touche LLP. ST&G has strict policies against disclosing confidential information to anyone outside of the firm, including spouses, parents, children, siblings, fiancés and fiancées.

8. To the best of my knowledge:

    a. ST&G is not and was not a creditor, an equity security holder or an insider of the Debtor.

531091v1

7

b.  ST&G is not and was not an investment banker for any security of the Debtor, or an attorney for any such investment banker, in connection with the offer, sale or issuance of any security of the Debtor.

c.  ST&G is not and was not, within 2 years before the Petition Date, a director, officer or employee of the Debtor, or of any investment banker for any security of the Debtor.

d.  ST&G has no interest materially adverse to the interests of the Estate or to any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

e.  No member of ST&G is a relative, or an employee of, or has any connections with, the Office of the United States Trustee, any person employed by the United States Trustee, or a Bankruptcy Judge in this district.

I declare under penalty that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on November 16th, 2009 at Los Angeles, California.

_____
MARK S. WALLACE

# Exhibit 1

**Mark Wallace** is of counsel to ST&G. He received his A.B., summa cum laude, from Princeton University in 1976, and received his J.D. from Columbia University School of Law in 1977. He was a member of Phi Beta Kappa. He was admitted to the Arizona bar in 1977 and the California bar in 1991. Mr. Wallace was the Notes and Comments Editor of the Columbia Law Review from 1976 to 1977. He served as a Law Clerk to Judge William B. Enright in the U.S. District Court, Southern District of California from 1977 to 1979. He is the author of "Practical Aspects of Representing the Failing Business" 44 Major Tax Planning 400 (1992), "Reorganizing The Financially-Troubled Taxpayer", 46 Major Tax Planning 800 (1994), and "Distressed Technology Companies Face Challenging Tax Issues", 24 Los Angeles Lawyer 13 (October 2001) and "Dealing With Individual and Corporate Tax Claims and Litigating with Tax Authorities in Bankruptcy Court", 57 Major Tax Planning 1100. Mr. Wallace is currently serving as an Adjunct Professor of Law at Loyola Law School, where he teaches bankruptcy and taxation. He served as Adjunct Professor of Law at Arizona State University for the years 1984 through 1986 and 1988. He is a part Chair of the Bankruptcy and Workouts Committee of the American Bar Association Section of Taxation. He is a member of the following bar associations: Beverly Hills, Los Angeles County (Member, Commercial Law and Bankruptcy Section; Taxation) and American (Member, Sections of Taxation, Corporate Tax Committee). He is a member of the State Bar of California.

**Whitman L. Holt** has been a member of ST&G and the California bar since 2005. He is admitted to practice before the U.S. District Courts for the Northern, Central, and Southern Districts of California, as well as before the U.S. Courts of Appeals for the Second and Third Circuits. Mr. Holt attended Bates College as an Editor of the Harvard Journal of Law & Public Policy. Mr. Holt has represented clients across the bankruptcy spectrum. His work on the side of the bankruptcy estate includes representing, where he received his B.A., magna cum laude, in 2002 and

was elected a member of Phi Beta Kappa. He then attended Harvard Law School, where he received his J.D., cum laude, in 2005 and serving Fremont General Corporation as a chapter 11 debtor in possession and representing the liquidation trust formed in the Oakwood Homes bankruptcy. His work on the side of individual creditors includes representing significant debt holders in the Enron, Calpine, and Owens Corning bankruptcies. Mr. Holt has also represented borrowers in and out of court, secured creditors in and out of bankruptcy, hedge and distressed debt funds, plaintiffs and defendants in bankruptcy-related litigation and appeals, and prospective purchasers of debtors' assets. Mr. Holt's professional interests include the interface between credit derivatives and bankruptcy, the outer limits of federal bankruptcy jurisdiction and power, and methods of improving the economic efficiency of chapter 11.

# EXHIBIT 2

| PROFESSIONALS | HOURLY RATES |
|---|---|
| Mark S. Wallace | $695 |
| Whitman L. Holt | $375 |
| Law Clerks | $220 to $240 |
| Paralegals | $240 |

###

| In re: Alliance Bancshares California, | CHAPTER 7 |
|---|---|
| Debtor(s). | CASE NUMBER 2:09-bk-28037-SB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1901 Avenue of the Stars, 12th Floor, Los Angeles, CA 90067.

The foregoing document described **APPLICATION TO EMPLOY STUTMAN, TREISTER & GLATT PROFESSIONAL CORPORATION AS COUNSEL FOR DAVID A. GILL, CHAPTER 7 TRUSTEE; DECLARATION OF MARK S. WALLACE IN SUPPORT THEREOF (INCLUDING DISCLOSURES PURSUANT TO 11 U.S.C. § 329(A))** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 16, 2009**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **November 16, 2009**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/16/2009 | Sally A. Miller | /s/ Sally A. Miller |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-3.1

531091v1

| In re: Alliance Bancshares California, | CHAPTER 7 |
|---|---|
| Debtor(s). | CASE NUMBER 2:09-bk-28037-SB |

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

David A Gill
mlr@dgdk.com, dgill@ecf.epiqsystems.com

Rodger M Landau on behalf of Debtor Alliance Bancshares California
rlandau@lblawllp.com, kmoss@lblawllp.com

Kenderton S Lynch on behalf of Creditor FDIC as Receiver for Alliance Bank
kenlynchlaw@aol.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

## II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL

United States Trustee
725 South Figueroa St 26th Flr
Los Angeles, CA 90017

Alliance Bancshares California
100 Corporate Pointe
Culver City, CA 90230

Landau & Berger
Roger M Landau Esq
1801 Century Park East Ste 1460
Los Angeles, CA 90067

Counsel for Creditor in Interest
Federal Deposit Insurance Corp.
as Receiver of Alliance Bank
Kenderton S. Lynch
Krafchak & Lynch
2029 Century Park East, Suite 900
Los Angeles, CA 90067

David A Gill, Esq.
Danning, Gill, Diamond & Kollitz
2029 Century Park East, 3rd Floor
Los Angeles, CA 90067-2904

Honorable Samuel L. Bufford
United States Bankruptcy Court
Central District of California
Edward Roybal Fed Bldg & Courthouse
255 East Temple St., Room 1582
Los Angeles, CA 90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                F 9013-3.1

531091v1                                        2